# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BOWERS, Minors.

UNPUBLISHED
March 28, 2017

No. 334253
Lenawee Circuit Court
Family Division
LC No. 15-000458-NA

Before: M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent, G. Bowers, appeals as of right the trial court's order terminating his parental rights to three of his minor children pursuant to MCL 712A.19b(3)(k)(*ix*) and (n)(*i*). We affirm.

Respondent is the father of six children, JLB, TLB, TMB, JTB, SB, and ZB, with his late wife, RB, and the father of a seventh child, HB, with his girlfriend, CD. Petitioner filed a petition for permanent custody of the children based on allegations of physical and sexual abuse. Criminal proceedings were initiated, and respondent pleaded guilty to fourth-degree criminal sexual conduct, MCL 750.520e(1)(a), and was sentenced to 16 to 24 months in prison. At the scheduled adjudication trial, respondent released his parental rights to TLB and stipulated that his conviction provided a basis for the assumption of jurisdiction over TMB, JTB, SB, ZB, and HB[1] and established a statutory basis for termination under MCL 712A.19b(3)(k)(*ix*) and (n)(*i*). Following a best-interest hearing, the trial court determined that termination of respondent's parental rights was not in the best interests of TMB and JTB, but was in the best interests of SB, ZB, and HB. See MCL 712A.19b(5); MCR 3.977(E)(4). Accordingly, the court terminated respondent's parental rights as to only SB, ZB, and HB.

On appeal, respondent argues that the trial court erred in finding that termination of his parental rights was in the best interests of SB, ZB, and HB. If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Beck*, 488 Mich 6, 10-11; 793 NW2d 562 (2010); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817

---

[1] Given that he had reached the age of majority, the petition was dismissed with respect to JLB.

NW2d 111 (2011). There is no appellate challenge regarding the statutory grounds for termination. "This Court reviews for clear error the trial court's ruling that . . . termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). The trial court must "state on the record or in writing its findings of fact and conclusions of law[,] [and] [b]rief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1).

In regard to a child's best interests, we place our focus on the child rather than the parent. *In re Moss*, 301 Mich App at 87. The trial court may consider such factors as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). In *In re White*, *id.* at 715-716, this Court, construing *In re Olive/Metts Minors*, 297 Mich App 35; 823 NW2d 144 (2012), held:

> We conclude that this Court's decision in *In re Olive/Metts* stands for the proposition that, if the best interests of the individual children *significantly* differ, the trial court should address those differences when making its determination of the children's best interests. It does not stand for the proposition that the trial court errs if it fails to explicitly make individual and—in many cases—redundant factual findings concerning each child's best interests.

In this case, the trial court properly accounted for the differing circumstances of each child, such as their placements and attachment to respondent. We agree with respondent that the possibility of adoption with respect to HB was not a relevant consideration, given that he remained at home with his mother, her parental rights were not terminated, and there was no indication that she had married someone who wished to adopt HB. Nevertheless, the trial court did not clearly err in finding that termination of respondent's parental rights was in the children's best interests in light of respondent's history of violence and abuse. It was undisputed that respondent had sexually abused TLB, and the trial court accepted testimony that respondent had been sharing a bed with SB. Respondent admitted to a conviction for domestic violence against RB, and the trial court credited testimony that respondent engaged in domestic violence with CD. The trial court also found that there was credible testimony showing that respondent employed harsh and improper physical punishment, singling out some of the children for unusual, severe, and potentially dangerous or harmful forms of "discipline." We have no basis to interfere with the trial court's credibility assessments. *In re Miller*, 433 Mich at 337. And respondent fails to appreciate the principle that how a parent treats one child is probative of how that parent may treat the child's siblings. *In re AH*, 245 Mich App 77, 84; 627 NW2d 33 (2001). The evidence created compelling concerns for the safety and well-being of the children at issue here,

regardless of the strength of the bond between respondent and two of the children, SB and ZB. The trial court carefully and thoughtfully considered and examined most of the factors recited above relative to determining a child's best interests. In sum, the trial court did not clearly err in terminating respondent's parental rights to the children.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause