**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:
Marilyn Kelly          Michael F. Cavanagh
                       Maura D. Corrigan
                       Robert P. Young, Jr.
                       Stephen J. Markman
                       Diane M. Hathaway
                       Alton Thomas Davis

FILED DECEMBER 20, 2010

S T A T E   O F   M I C H I G A N

SUPREME COURT

In re BECK, Minors.

_____

DEPARTMENT OF HUMAN SERVICES,

        Plaintiff-Appellee,

v                                                                No. 140842

LAWRENCE MICHAEL BECK,

        Respondent-Appellant.

_____

BEFORE THE ENTIRE BENCH (except DAVIS, J.)

YOUNG, J.

The respondent-father in this case had his parental rights terminated pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j).  The sole issue respondent advanced on appeal is the propriety of the trial court's order requiring respondent to continue paying child support after the termination of his parental rights.  Respondent argues that his obligation to pay child support ended as a matter of law when his parental rights were terminated and that

any continued child support obligation violated his constitutional right to due process of law. The Court of Appeals rejected respondent's argument.

We affirm the judgment of the Court of Appeals, but do so on the basis of an alternative analysis from that advanced by the Court of Appeals. The Legislature specifically defined parental rights and parental obligations, and it chose to address those concepts in two discrete statutory provisions. Thus, the statutory structure indicates the Legislature's determination that parental rights are distinct from parental obligations, and nothing in the statutory structure indicates that the loss of parental rights automatically results in the loss of parental obligations. Rather, a parental obligation continues "unless a court of competent jurisdiction modifies or terminates the obligation . . . ."[1] Because the trial court declined to modify or terminate respondent's obligation to pay child support, respondent's obligation remains intact.

## FACTS AND PROCEDURAL HISTORY

Respondent's two children, AB and LB, were made temporary wards of the court in 2007 because of chronic drug abuse by both parents. Subsequently, respondent and his wife divorced, and both were ordered to pay child support while the children were in the care of their grandmother. The children were returned to their mother's care in January 2008 after she complied with the parent-agency agreement.

When respondent made no progress toward reunification with his children, the Department of Human Services filed a supplemental petition seeking termination of his

---

[1] MCL 722.3(1).

parental rights. In May 2009 the trial court terminated respondent's parental rights, and further ordered that respondent's child support obligation continue pursuant to the divorce judgment.

On appeal in the Court of Appeals, respondent did not challenge the termination of his parental rights; rather, respondent only challenged his continuing obligation to pay child support. Respondent claimed that the trial court's order requiring him to pay child support after his parental rights were terminated violated his constitutional right to due process of law.

In a published opinion, the Court of Appeals rejected respondent's claim and affirmed the trial court's order.[2] The panel rejected respondent's constitutional claim because, "apart from simply asserting" a due process violation, respondent did not "explain how the trial court's decision resulted in a denial of due process . . . ."[3] Rather, the Court of Appeals treated the issue as "a straightforward question of law . . . ."[4]

The Court of Appeals reasoned that had the Legislature intended that the termination of parental rights also terminate parental obligations, it could have easily said so.[5] The panel also held that child support and parental rights are not interdependent, noting that parents should not be denied parenting time simply because they are unable to

---

[2] *In re Beck*, 287 Mich App 400; 788 NW2d 697 (2010).

[3] *Id*. at 402.

[4] *Id*.

[5] *Id*. at 402-403.

3

pay child support.[6] The Court of Appeals also stated that children possess "the inherent and fundamental right to receive support" and that this fundamental right exists independently from whether a parent retains parental rights.[7] The panel further noted several public policy considerations compelling the conclusion that the termination of parental rights does not automatically extinguish a child support obligation.[8]

Respondent appealed in this Court. We granted leave to appeal, asking the parties to address whether a parent whose rights have been involuntarily terminated "can nevertheless be ordered to pay child support for those children."[9]

## STANDARD OF REVIEW

Whether a parent may be compelled to pay child support after his parental rights have been terminated presents a question of law that this Court reviews de novo.[10]

---

[6] *Id*. at 403.

[7] *Id*.

[8] The panel relied on the following considerations: First, the goal of a termination of parental rights proceeding is to protect the child. Eliminating the benefit of child support would not serve to protect the child from harm originating from the parent, but would only serve to deny the child benefits based on the child's needs and the parent's ability to pay. Second, if a parent's child support obligation is extinguished, the burden of financial assistance falls on the other parent, often with the assistance of the state. Third, a parent may forgo reporting abusive or neglectful behavior of a coparent in order to preserve a child's right to receive support, which would be detrimental to the child's welfare. In addition, if the termination of parental rights automatically extinguished a child support obligation, an irresponsible parent could abuse or neglect his child in order to escape liability for child support. *Id*. at 404-405.

[9] 486 Mich 936 (2010).

[10] *Foster v Wolkowitz*, 486 Mich 356, 362; 785 NW2d 59 (2010); *State News v Mich State Univ*, 481 Mich 692, 699; 753 NW2d 20 (2008).

4

ANALYSIS

MCL 712A.19b pertains to the termination of parental rights. The respondent in this case had his parental rights terminated pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j). MCL 712A.19b(5) provides: "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." Nothing in the statutory scheme defines the scope of "termination of parental rights."

We next turn to the meaning of "parental rights." As a *constitutional* matter, parental rights encompass parents' fundamental liberty interest in "the care, custody, and control of their children."[11] Respondent makes no claim that the termination of his parental rights violated his liberty interests; rather, he claims that his "right to due process" was violated by the trial court's order requiring him to continue to pay child support after his parental rights were terminated. However, respondent cites no authority, and we have discovered none, holding that a parent has either a state or federal constitutional entitlement to have his child support obligation suspended when his parental rights have been terminated. Therefore, we find no merit in his constitutional claim.[12]

---

[11] *Troxel v Granville*, 530 US 57, 65; 120 S Ct 2054; 147 L Ed 2d 49 (2000).

[12] In so holding, we do not purport to decide the outcomes of future cases involving due process challenges in this context.

5

As a statutory matter, the scope of parental rights can be found in 1968 PA 293, MCL 722.1 through 722.6. This act pertains to the "status and emancipation of minors" and "rights of parents." The title of 1968 PA 293 indicates that the purpose of the act is, among other purposes, "to define the rights and duties of parents."

The term "parents" is defined in the act as the "natural parents, if married prior or subsequent to the minor's birth; adopting parents, if the minor has been legally adopted, or the mother, if the minor is illegitimate."[13]

MCL 722.2 delineates the rights of parents with respect to their unemancipated children. The statute provides:

> Unless otherwise ordered by a court order, the parents of an unemancipated minor are equally entitled to *the custody, control, services and earnings of the minor*, but if 1 parent provides, to the exclusion of the other parent, for the maintenance and support of the minor, that parent has the paramount right to control the services and earnings of the minor. [14]

Thus, MCL 722.2 defines the scope of parental rights as encompassing the "custody, control, services and earnings of the minor . . . ." Under the plain language of the statute, parental rights do not include or contemplate parental obligations.

---

[13] MCL 722.1. Because the three types of parents described in MCL 722.1 are all legal parents, without regard to whether they share a biological connection with the minor at issue, the statutory definition describes a legal rather than biological relationship. Michigan law has *long* recognized the principle that a child born during a marriage is presumed to be the issue of that marriage. *In re KH*, 469 Mich 621, 634-635; 677 NW2d 800 (2004); *People v Case*, 171 Mich 282, 284; 137 NW 55 (1912); *Egbert v Greenwalt*, 44 Mich 245, 249-250; 6 NW 654 (1880).

[14] MCL 722.2 (emphasis added).

Rather, it is the very next statutory provision that identifies the parental obligations imposed by the Legislature. The *sole* parental obligation identified in MCL 722.3 is the duty to provide a child with support:

> (1) The *parents are jointly and severally obligated to support a minor* as prescribed in section 5 of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605, *unless a court of competent jurisdiction modifies or terminates the obligation* or the minor is emancipated by operation of law, except as otherwise ordered by a court of competent jurisdiction. Subject to section 5b of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605b, a court of competent jurisdiction may order support as provided in this section for a child after he or she reaches 18 years of age.

> (2) The *duty of support* may be enforced by the minor or the child who has reached 18 years of age, his or her guardian, any relative within the third degree, an authorized government agency, or if the minor or the child who has reached 18 years of age is being supported in whole or in part by public assistance under the social welfare act, 1939 PA 280, MCL 400.1 to 400.119b, by the director of the family independence agency or his or her designated representative, or by the director of the county family independence agency or his or her designated representative of the county where an action under this act is brought. An action for enforcement shall be brought in the circuit court in the county where the minor or the child who has reached 18 years of age resides. If a designated official of either the state or a county family independence agency brings an action under this act on behalf of the minor or the child who has reached 18 years of age, then the prosecuting attorney or an attorney employed by the county under section 1 of 1941 PA 15, MCL 49.71, shall represent the official in initiating and conducting the proceedings under this act. The prosecuting attorney shall utilize the child support formula developed under section 19 of the friend of the court act, 1982 PA 294, MCL 552.519, as a guideline in petitioning for child support.

> (3) A judgment entered under this section providing for support is governed by and is enforceable as provided in the support and parenting time enforcement act, 1982 PA 295, MCL 552.601 to 552.650. If this act contains a specific provision regarding the contents or enforcement of a support order that conflicts with a provision in the support and parenting

7

time enforcement act, 1982 PA 295, MCL 552.601 to 552.650, this act controls in regard to that provision.[15]

The plain language of this provision imposes a "duty of support" on *both* parents, jointly and severally, which exists "unless a court of competent jurisdiction modifies or terminates the obligation." The parental obligation to support minor children may be enforced where *neither* parent has custody of the child,[16] and may be enforced even if the *state* has custody of the child.[17] Lastly, MCL 722.3 provides an independent basis for the entry of a child support order,[18] although any child support order entered must comport with the child support guidelines.[19]

Because the parental rights identified in MCL 722.2 are distinct and detached from the parental duty identified in MCL 722.3, it is clear that the Legislature has determined

---

[15] MCL 722.3 (emphasis added).

[16] The duty of support may be enforced by the child or "his or her guardian, any relative within the third degree, [or] an authorized government agency . . . ." MCL 722.3(2).

[17] If the child "is being supported in whole or in part by public assistance under the social welfare act," the duty of support can be enforced by the Family Independence Agency, which is now the Department of Human Services. MCL 722.3(2). Foster care is included in the Social Welfare Act. See MCL 400.18c through 400.18e.

[18] See MCL 722.3(3) (stating that "[a] judgment *entered under this section* providing for support is governed by and is enforceable as provided in the support and parenting time enforcement act," and "[i]f this act contains a specific provision regarding the contents or enforcement of a support order that conflicts with a provision in the support and parenting time enforcement act, . . . this act controls in regard to that provision") (emphasis added).

[19] MCL 722.3(1) states that parents are obligated to support a minor "as prescribed in section 5 of the support and parenting time enforcement act," MCL 552.605, which requires that a child support order be determined "by application of the child support formula" unless a basis for deviating from the child support formula exists.

8

that parental rights are independent from parental duties. Nothing in either MCL 722.2 or MCL 722.3 evinces any legislative intent that either statutory provision is connected to or conditioned on the other. There is no indication that the duty of support is conditioned on the retention of parental rights, just as there is no indication that the exercise of parental rights is conditioned on fulfilling the parental obligation to support.

The plain language of the termination statute, MCL 712A.19b, only implicates "parental rights." Thus, when parental rights are terminated, what is lost are those interests identified by the Legislature *as parental rights*. In other words, the terminated parent loses any entitlement to the "custody, control, services and earnings of the minor . . . ."[20] Because nothing in the language of MCL 712A.19b affects the duty of support articulated in MCL 722.3, the obligation remains intact.

Thus, even after a parent's rights have been terminated, the obligation to support continues "unless a court of competent jurisdiction modifies or terminates the obligation . . . ."[21] This provision of MCL 722.3 indicates that a court has the *discretion* to terminate or modify a parent's obligation to provide support, but is not *compelled* to do so.[22] In this case, the trial court expressly declined to modify or terminate respondent's

---

[20] MCL 722.2.

[21] MCL 722.3(1).

[22] The parental duty to support would abate if the "minor is emancipated by operation of law . . . ." MCL 722.3(1); see also MCL 722.4(2). In contrast, when a minor is emancipated by court order, the parental duty to support continues. MCL 722.4e(2). Additionally, the parental duty to support would cease by operation of law when a child is legally adopted. See MCL 710.60(1) (stating that adoptive parents "become the parent

9

child support obligation, and respondent has made no showing that the trial court's decision was an abuse of discretion.[23] Accordingly, respondent remains responsible for supporting his minor children.

CONCLUSION

Because the Legislature has made a clear distinction between parental rights and the parental obligation to support a minor child, and nothing in the statutory structure indicates that the termination of parental rights automatically results in the severance of the parental support duty, we hold that the support duty continues unless the duty is

---

or parents of the adoptee under the law as though the adopted person had been born to the adopting parents and are liable for all the duties and entitled to all the rights of parents"); see also MCL 722.1. Thus, under the plain language of the Adoption Code, a former parent's duty of support is terminated when a child is legally adopted because the adoptive parents are liable for all of the duties of parents. Cf. *In re Toth*, 227 Mich App 548, 553; 577 NW2d 111 (1998) (recognizing that "[t]he Michigan adoption scheme expresses a policy of severing, at law, the prior, natural family relationship and creating a new and complete substitute relationship after adoption"). In the context of a pretermination guardianship, where a court may place a child with a permanent guardian in lieu of terminating the parent's rights, MCL 712A.19a(6) and (7)(c), no statutory language suggests that the duty of support would cease. See MCL 712A.19a; see also MCL 712A.19a(8) and MCL 700.5215 (stating that a guardian's rights and duties do not include an obligation to provide for the child with the guardian's own money). Similarly, no statutory language suggests that the duty of support would cease in the event of a posttermination guardianship. See MCL 712A.19c.

[23] In holding that the parental obligation to support may continue after parental rights have been terminated, we wish to reiterate that the terminated parent retains absolutely no rights with respect to the children and no right to interpose himself in the lives of his children. See, e.g., *Hunter v Hunter*, 484 Mich 247, 269; 771 NW2d 694 (2009) (stating that the termination of a parent's parental rights permanently severs the "parent's right to be a parent and make decisions regarding his or her child's upbringing"). In the absence of statutory authority, the terminated parent may not claim *any* right to see or contact the children attendant to the payment of child support.

modified or terminated by a court of competent jurisdiction. Given that the trial court declined to modify or terminate respondent's obligation, and respondent has made no showing that this decision was an abuse of discretion, respondent's obligation remains intact.

> Robert P. Young, Jr.
> Marilyn Kelly
> Michael F. Cavanagh
> Maura D. Corrigan
> Stephen J. Markman
> Diane M. Hathaway

DAVIS, J., not participating. I recuse myself and am not participating because I was on the Court of Appeals panel in this case. See MCR 2.003(B).

11