# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MONTGOMERY, Minors.

UNPUBLISHED
June 22, 2017

Nos. 335183; 335184
Wayne Circuit Court
Family Division
LC No. 13-513787-NA

Before: JANSEN, P.J., and MURPHY and BORRELLO, JJ.

PER CURIAM.

Respondents appeal by right the trial court order terminating their parental rights to the minor children under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). We affirm.

If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Beck*, 488 Mich 6, 10-11; 793 NW2d 562 (2010); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). The trial court must "state on the record or in writing its findings of fact and conclusions of law[,] [and] [b]rief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1) (rule pertains to termination proceedings).

In Docket No. 335183, respondent mother does not properly raise any issues concerning the statutory grounds for termination of her parental rights, challenging only the trial court's finding that a preponderance of the evidence established that termination of her parental rights

-1-

was in the best interests of the children. MCL 712A.19b(5); *Moss*, 301 Mich App at 88-90.[1] In regard to a child's best interests, we place our focus on the child rather than the parent. *Moss*, 301 Mich App at 87. The trial court may consider such factors as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).

First, respondent mother contends that, for purposes of the children's best interests, the court erred because it did not consider that the children's placement with their paternal grandmother weighed against termination, as required by *Olive/Metts*, 297 Mich App at 43. In that case, this Court held that placement with relatives at the time of the termination hearing is "an explicit factor to consider in determining whether termination was in the children's best interests[.]" *Id.* (quotation marks and citation omitted). "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id.* However, the Court further held that "the trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests." *Id.* Our review of the record reveals that, although the trial court did not give a lengthy explanation, the court very clearly considered the factor that the children were living with their paternal grandmother and then determined that termination of respondent mother's parental rights was nonetheless in the best interests of the children. Therefore, the court complied with the requirement set forth in *Olive/Metts*.

Respondent mother also contends that the trial court erred in failing to consider a guardianship instead of termination. Again, we disagree. "[T]he appointment of a guardian is only appropriate after the court has made a finding that the child cannot be safely returned to the home, yet initiating termination of parental rights is clearly not in the child's best interests." *In*

---

[1] Respondent mother frames her argument and the issue in terms of the children's best interests, and the body of her brief relative to her argument focuses solely on the best interests of the children. However, in the "conclusion" section of her brief, she states, in part, that the trial court "erred in finding that the conditions that led to the original adjudication continued to exist, and that those conditions cannot be remedied within a reasonable period of time." No more is said on the matter. The one-sentence argument essentially encompasses MCL 712A.19b(3)(c)(*i*) – a ground for termination. The issue or argument is not properly presented, MCR 7.212(C)(5) and (7), and is not adequately or properly briefed, *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998). Moreover, on substantive review and consideration of the record, we hold that the trial court did not clearly err in finding clear and convincing evidence in support of MCL 712A.19b(3)(c)(*i*). MCL 712A.19b(3); MCR 3.977(K); *Ellis*, 294 Mich App at 32. And regardless, only one statutory ground had to be established, MCL 712A.19b(3), and respondent mother does not challenge the other grounds.

*re TK*, 306 Mich App 698, 707; 859 NW2d 208 (2014) (citation omitted). And then the court must determine that it is in the child's best interests to appoint a guardian. *Id.* A guardianship may be appropriate when "an ongoing relationship with [the parent]—rather than termination—is in the child[]'s best interests." *In re Mason*, 486 Mich 142, 168-169; 782 NW2d 747 (2010) (citation omitted).

The record clearly shows that a guardianship would not have been in the best interests of the children because of the continuing animosity and conflict in the relationships between respondents and the paternal grandmother. The trial court found that not only could respondents not get along with each other, each respondent could not get along with the paternal grandmother. A guardianship would only have created a chaotic situation for the children in which they would be continually embroiled in the arguments between respondents and their guardian. This would not have given the children the stable home that they required. In addition, the record clearly reflects that respondent mother had serious mental and physical health problems that needed to be addressed before she could attempt to parent her children. After almost three years of services, respondent mother's mental and physical health had deteriorated. She had visited with her children only six times in the eleven months preceding the termination hearing. The bond between respondent mother and the children had weakened to the point where they were having difficulty identifying her. She had never found a permanent home and was homeless at the time of the termination hearing. Respondent mother had also failed to fully participate in or benefit from services, and the children were in great need of finality. A guardianship would have kept the children in constant limbo, waiting for respondent mother when there was no reasonable expectation that she would be able to care for them within a reasonable time. A guardianship was not appropriate in this case because it was clearly not in the best interests of the children. Therefore, we hold that the court did not err when it determined that termination of respondent mother's parental rights, and not a guardianship, was in the best interests of the children.

In Docket No. 335184, respondent father first contends that the trial court clearly erred in finding clear and convincing evidence to support the statutory grounds for termination. We disagree. Respondent father's parental rights were terminated under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). Concerning respondent father, this case was brought into court based on domestic violence, anger issues, and homelessness. Three years later, despite numerous services, the situation remained unchanged. Although respondent father attended many of the services, he was terminated early from several because he refused to cooperate. After four referrals for family therapy, there was never any progress due to lack of cooperation, hostile interaction, and refusal to participate. Respondent father's actions and behaviors demonstrated that he had not benefited from anger management or parenting services. *In re Gazella*, 264 Mich App 668, 676; 692 NW2d 708 (2005). He still had serious anger issues. Although he regularly attended visitation, his actions with the young children were inappropriately rough and the visits were chaotic because he was unable to manage the children. Respondent father's contention that his mother would help him parent the children ignores the fact that he and his mother have such an acrimonious relationship that they could not even participate in family therapy, let alone cooperate in raising the children, and there was no evidence that the relationship had improved. In addition, respondent father's SSI income was not sufficient to cover his own expenses. He was behind on his utility payments and could not drive his car because he could not afford

insurance. He admitted that being on SSI had made him "lazy." Respondent father never had housing that was suitable for the children, and at the time of the termination hearing, he was searching for new Section 8 housing. Every provider had reported that respondent father was slow to learn. Whether it was from resistance to authority, lack of cognitive capacity, or both, at the time of the termination hearing respondent father still did not know how to care for the special needs of his children and had not changed his behaviors. There was clear and convincing evidence that the conditions that led to the adjudication continued to exist and that there was no reasonable likelihood that they would be rectified within a reasonable time considering the ages of the children. Further, respondent father had been given more than a reasonable opportunity to rectify all the conditions that were barriers to reunification, but he had not rectified those conditions, and there was no reasonable likelihood that he would rectify them within a reasonable time considering the ages of the children. Therefore, the trial court did not clearly err in finding clear and convincing evidence to support termination under MCL 712A.19b(3)(c)(*i*) and (c)(*ii*).

Based upon the evidence that respondent father had not learned to control his anger, was unable to accept authority figures, had refused to cooperate with family therapy, had an acrimonious relationship with his mother and the mother of the children, had not learned proper parenting skills or how to care for the special needs of his children, and did not have suitable housing or sufficient income for the children, there was clear and convincing evidence that, without regard to intent, he had failed to provide proper care or custody for his children and there was no reasonable expectation that he would be able to provide proper care and custody within a reasonable time considering the children's ages. Therefore, the trial court did not clearly err in finding clear and convincing evidence to support termination of respondent father's parental rights under MCL 712A.19b(3)(g). Finally, based on the same facts, most importantly his rough and inappropriate physicality with his very young children and his inability to control his anger, and including the fact that respondent father allowed dangerous people to stay in his home, the trial court did not clearly err in finding clear and convincing evidence that there was a reasonable likelihood, given respondent father's conduct or capacity, that the children would be at risk of harm if returned to respondent father. MCL 712A.19b(3)(j).

Next, respondent father contends that the trial court clearly erred in finding by a preponderance of the evidence that termination of his parental rights was in the best interests of his children. As did respondent mother, respondent father also raises the argument that the trial court failed to consider the children's placement with relatives. We have already addressed this issue, and we reach the same conclusion here. While it may not have been an extensive explanation, the trial court acknowledged that the children had been in a relative placement but still found that it was in the best interests of the children to terminate respondent father's parental rights. This finding complied with legal requirements. *Olive/Metts*, 297 Mich App at 43,

With respect to the children's best interests, other than the fact that the children were bonded to respondent father because he visited regularly, respondent father's statements that he complied with the treatment plan, had rectified the conditions that brought the children into care, and could provide them with a safe, suitable, and stable environment, were belied by the evidence. Although he attended and even completed some of the services, such as parenting classes, he demonstrated by his actions and conduct that he had not benefited from them. *Gazella*, 264 Mich App at 676. He had not learned to control his anger, and he had not learned

-4-

how to properly care for his children.  Further, he continued to be resistant to any corrections or suggestions from CPS workers and services providers.  He did not have a suitable home with a safe environment for his children.  Respondent father lived in an area of drug houses and heavy drug use, allowed unsuitable people to reside in his home, and dismissed the workers' concerns.  At the time of the termination hearing, he was being forced from his current home and had to find new housing.  He could not get along with his mother or the mother of his children.  Respondent father resisted authority figures, whom, as a parent, he would have to deal with, such as medical providers and teachers.  He demonstrated that he was not invested in changing or improving himself.  Further, it was questionable whether respondent father had the capacity to learn or to change.  Therefore, we hold that the trial court did not clearly err in finding by a preponderance of the evidence that termination of respondent father's parental rights was in the best interests of the children.

Affirmed.


/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Stephen L. Borrello