# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D. ADAMS, JR, Minor.

UNPUBLISHED
December 26, 2017

No. 338496
Ingham Circuit Court
Family Division
LC No. 17-000137-NA

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child pursuant to MCL 712A.19b(3)(g) and (j).[1] Respondent contends that petitioner failed to establish the two statutory grounds for termination by clear and convincing evidence and that petitioner also failed to prove that termination was in the minor child's best interests. We disagree and affirm.

If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Beck*, 488 Mich 6, 10-11; 793 NW2d 562 (2010); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264;

---

[1] MCL 712A.19b(3)(g) provides that a court may terminate parental rights when the court finds, by clear and convincing evidence, that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." And MCL 712A.19b(3)(j) provides that a court may terminate parental rights when the court finds, by clear and convincing evidence, that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

817 NW2d 115 (2011); see also MCR 3.977(K). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). The trial court must "state on the record or in writing its findings of fact and conclusions of law[,] [and] [b]rief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1) (rule pertains to termination proceedings).

The minor child at issue is respondent's fourth child, and her parental rights to her eldest child were voluntarily released, while her parental rights to her second and third child were involuntarily terminated by the court. The minor child was born in Chicago when respondent was allegedly visiting relatives there and then taken to Ohio for pediatric care. We find no clear error in the trial court's conclusion that these out-of-state events were driven by respondent's efforts to avoid alerting petitioner or Child Protective Services (CPS) of the birth, especially given respondent's refusal to provide the names or addresses of her purported Chicago relatives and the deception engaged in by respondent when CPS first made contact with her at a home in Lansing. Evidence was presented showing that respondent had questionable or unstable housing, denied evident domestic abuse perpetrated against her, remained in the company of her abuser, was deceptive and not cooperative or forthcoming with CPS at times, was emotionally unstable, had untreated mental health issues, failed to complete domestic violence and mental health counseling, did not benefit from services, had a patchy employment history, and had not made any significant improvements since the previous termination of her parental rights, with the same persistent problems continuing to exist. Given this record, and also taking into consideration the doctrine of anticipatory neglect, as established by the previous child protective proceedings, see *In re LaFrance Minors*, 306 Mich App 713, 730; 858 NW2d 143 (2014), we cannot conclude that the trial court clearly erred in finding that MCL 712A.19b(3)(g) and (j) were established by clear and convincing evidence.

With respect to the minor child's best interests, in light of the evidence discussed above, along with the evidence that the minor child's pre-adoptive placement was providing him with a safe, stable, and nurturing home environment, wherein his medical needs were being met and he was thriving, we cannot conclude that the trial court clearly erred in finding that termination of respondent's parental rights was in the child's best interests. See *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014); *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012).

Affirmed.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle