# STATE OF MICHIGAN

# COURT OF APPEALS

In re J.E. NEUENFELDT, Minor.

UNPUBLISHED
March 1, 2018

No. 338644
Kent Circuit Court
Family Division
LC No. 16-050980-NA

Before: MURPHY, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM.

Respondent-mother appeals as of right the order terminating her parental rights to her minor child under MCL 712.A19b(3)(c)(*i*) (conditions of adjudication continue to exist) and (g) (failure to provide proper care and custody). We affirm.

On appeal, respondent argues that the trial court committed clear error by finding that there existed clear and convincing evidence in support of the statutory grounds for termination. And respondent contends that the trial court clearly erred in finding that there existed a preponderance of evidence showing that termination was in the best interests of the child.

If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Beck*, 488 Mich 6, 10-11; 793 NW2d 562 (2010); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). The trial court must "state on the record or in writing its findings of fact and conclusions of law[,] [and] [b]rief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1).

There was evidence presented below showing that respondent refused to regularly take her mental health medication, did not make any progress after 13 months of being provided services, failed to obtain safe, sanitary, and stable housing, living at times in shelters,[1] a warehouse, and motels with an abusive ex-boyfriend, did not consistently attend appointments with therapists, experienced emotional and rage-filled outbursts, throwing things at her case worker on one occasion and threatening suicide, failed to address her very severe sleep apnea, did not rectify issues with respect to deficient parenting skills and drug abuse, failing to attend any substance abuse meetings and testing positive for cocaine on multiple occasions, violated her probation and was jailed, did not complete several parenting courses, consistently missed parenting visits,[2] and could not interact with the child on an age-appropriate level. Given this overwhelming evidence, we easily conclude that the trial court did not commit clear error in finding that the statutory grounds for termination were supported by clear and convincing evidence. We reject respondent's contention that petitioner failed to provide appropriate and timely reunification services, as this claim is not supported by the record.

With respect to the child's best interests, a trial court may consider such factors as a "child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). Taking into consideration the evidence alluded to above, along with the evidence that respondent did not have a bond with the child, the child was thriving in foster care, and that the foster parents had a strong bond with the child, we conclude that the trial court did not commit clear error in finding, by a preponderance of the evidence, that termination of respondent's parental rights was in the best interests of the child.[3]

Affirmed.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly

---

[1] Respondent was kicked out of the YWCA for failing to follow shelter rules.

[2] Respondent only attended 42 of the 92 parenting visits that were offered, falling asleep in 29 of those 42 visits she attended.

[3] We note that the trial court indicated that it considered the child's placement with relatives in making its decision, finding that there was no relative or guardianship placement available for the child.