# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J. PUCKETT, Minor.

UNPUBLISHED
July 26, 2018

No. 341869
Kent Circuit Court
Family Division
LC No. 16-053244-NA

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child, JP, under MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication continue to exist), (c)(*ii*) (other conditions implicating jurisdiction exist), and (g) (failure to provide proper care or custody). JP's father voluntarily relinquished his parental rights and is not a party to this appeal. We affirm.

The Department of Health and Human Services (DHHS) removed JP from respondent's home in October 2016 because of concerns regarding domestic violence, substance abuse, and parenting skills. Subsequently, DHHS identified additional issues, including housing, employment, and emotional instability. Respondent was offered and provided reunification services, but her participation was sporadic, and she showed little to no benefit from those services. At the time of the termination hearing in December 2017, respondent continued to use controlled substances, continued an unhealthy relationship with the father, showed little progress in her parenting skills, did not have appropriate housing, did not have adequate income to support her and JP, and she had failed to address her emotional instability. There were also ongoing problems with drinking and lying to DHHS personnel. She additionally failed to follow through with domestic violence counseling, and visitations were regularly missed or she would spend long periods in the bathroom during visitations. The trial court terminated respondent's parental rights, and she now appeals.

If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Beck*, 488 Mich 6, 10-11; 793 NW2d 562 (2010); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its

ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). The trial court must "state on the record or in writing its findings of fact and conclusions of law[,] [and] [b]rief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1).

On appeal, respondent does not argue that the trial court erred in finding that the statutory grounds for termination were proven by clear and convincing evidence, so we need not consider whether error occurred with respect to the grounds. See *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015) (when an appellant does not dispute the basis of a lower court's ruling on an issue, we need not consider the issue). Nevertheless, on review of the record, we conclude that the trial court did not clearly err in finding that the statutory grounds for termination were proven by clear and convincing evidence.

Respondent does argue that the trial court terminated respondent's parental rights contrary to JP's best interests. With respect to a child's best interests, a trial court may consider such factors as a "child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).

In setting forth the underlying law, respondent's counsel, citing MCL 712A.19b, maintains that "[o]nce a ground for termination is established, the court must terminate parental rights unless it finds that termination is clearly not in the child's best interests." However, this standard no longer applies, given that pursuant to 2008 PA 199, the Legislature amended MCL 712A.19b(5) to now provide that trial courts must find, in addition to a statutory ground for termination, "that termination of parental rights is in the child's best interests." This change was enacted ten years ago, and we are disturbed by the number of appellate attorneys handling termination appeals who do not appear to be cognizant of the amendment and of such a basic tenet of parental-termination law.

On the issue of JP's best interests, respondent argues two points and then weaves them together. First, respondent contends that she was making good progress, such that she should have been given more time to address the barriers to reunification. Second, respondent maintains that termination was unnecessary because JP was placed with relatives, the paternal grandparents. Respondent then asserts that given that she was making progress and that JP was placed with relatives, it was not in JP's best interests to terminate respondent's parental rights. Respondent does not develop these arguments much beyond what we have just stated.

In *Olive/Metts*, 297 Mich App at 43, this Court observed:

> [B]ecause a child's placement with relatives weighs against termination . . ., the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests. Although the trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests, the fact that the children are in the care of a relative at the time of the termination hearing is an explicit factor to consider in determining whether termination was in the children's best interests. A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal. [Citations and quotation marks omitted.]

Here, the trial court, after noting *Olive/Metts* and other cases addressing the principle regarding relative placement, thoughtfully explained why termination was in JP's best interests despite the fact that he was placed with his grandparents. The court pointed out that the father had released his parental rights, that respondent had not been complying with the case service plan, that she had minimal parenting skills, that JP was in need of permanence and should no longer be left in limbo, that he was thriving in his grandparents' care, and that JP deserved a safe environment unburdened by respondent's ongoing presence and instability. The court found that the finality and stability that JP needed could best be achieved through adoption by the paternal grandparents and not by way of a mere guardianship with the grandparents that would keep respondent involved in JP's life. We conclude that there was no clear error in the trial court's determination that JP's best interests would be served by termination of respondent's parental rights, even though JP was placed with his grandparents. And on the issue of respondent's alleged progress, the trial court found that she had made little to no progress in regard to most of the areas of concern. After more than a year of proceedings, respondent still used controlled substances, still engaged in an unhealthy relationship with the father, which relationship the court characterized as "toxic," still had inadequate parenting skills, still had inappropriate housing, and still had not overcome her issues with emotional instability. And the court noted that respondent did not follow through with domestic violence therapy and asked to be discharged. The trial court also observed that on the issue of respondent's mental stability, she kept leaving and then returning to the courtroom, leading the court to state, "She does not appear to be emotionally stable." The court was further concerned with her lying and deceitful conduct. The bond between respondent and JP was minimal. There is no indication that more time and services would change anything. On this record, the trial court did not clearly err in finding that termination of respondent's parental rights was in the best interests of the child.

Affirmed.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey

-3-