# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HEAD, Minors.

UNPUBLISHED
March 27, 2018

No. 339810
Oakland Circuit Court
Family Division
LC No. 2015-833253-NA

Before: K. F. KELLY, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor children pursuant to MCL 712A.19b(3)(b)(*ii*), (c)(*i*), (g), and (j). We affirm.[1]

Respondent argues that the trial court clearly erred in finding that the statutory grounds for termination were established by clear and convincing evidence. We disagree. If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Beck*, 488 Mich 6, 10-11; 793 NW2d 562 (2010); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).[2] "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established . . . ." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). The trial court must "state on the record or in writing its findings of fact and conclusions of law[,] [and] [b]rief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1).

---

[1] The trial court also terminated the parental rights of the children's father. That decision is not at issue in this appeal.

[2] Respondent does not challenge the trial court's ruling that termination of her parental rights was in the best interests of the children.

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(b)(*ii*), (c)(*i*), (g), and (j), which permit termination under the following circumstances:

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

\* \* \*

(*ii*) The parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home.

\* \* \*

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The children were removed from the custody of respondent and their father after the father physically abused the youngest child. Respondent entered into a treatment plan that required her to attend parenting classes, submit to random drug screens, undergo a psychological evaluation, attend domestic violence classes and counseling, maintain stable housing, complete a life-skills class, and maintain a legal source of income.

MCL 712A.19b(3)(b)(*ii*) "is intended to address the parent who, while not the abuser, failed to protect the child from the other parent or nonparent adult who is an abuser." *In re LaFrance Minors*, 306 Mich App 713, 725; 858 NW2d 143 (2014). Respondent pleaded no contest to the allegations in the petition that outlined the physical abuse inflicted on the youngest child. Respondent and the children's father had exclusive custody of the children when the

abuse occurred. Respondent took no steps to protect the children. Respondent argues that termination was improper under § 19b(3)(b)(*ii*) because the youngest child's actual abuser, the father, was sentenced to a prison term, and therefore, was no longer a risk of harm to the children. However, respondent did not take steps to protect her children and the evidence showed that she made little progress in addressing her parental deficiencies during the 18 months the children were in care. The evidence supported a conclusion that the children remained at risk of injury or abuse in the future if returned to respondent's home. See *In re Gonzales/Martinez Minors*, 310 Mich App 426, 432; 871 NW2d 868 (2015).[3] The trial court did not clearly err in finding clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(b)(*ii*).

The evidence also supported termination under MCL 712A.19b(3)(c)(*i*). Respondent signed a treatment plan designed to assist her in addressing the conditions that brought the children into care and to enable her to support herself and the children. However, the evidence produced at the termination hearing showed that respondent had made only minimal progress in complying with the treatment plan. The caseworker testified that respondent understood the seriousness of the situation and the need to comply with the treatment plan. Respondent began counseling, but stopped attending sessions because she believed that she did not need the treatment. Thereafter, respondent resumed counseling, but attended only sporadically. Respondent completed parenting classes after initially being dropped for non-attendance, but the caseworker opined that respondent did not benefit from the classes because she had difficulty during parenting time sessions directing and interacting with all five children. Respondent missed numerous drug screens and tested positive in approximately half of the screens she completed. She did not have valid prescriptions for the substances for which she tested positive. Respondent shared a home with her mother, sister, and at times her brother, but the home was not adequately furnished for the children. The other adults in the home would not give consent for background checks. Respondent did not follow through with a recommendation that she undergo psychiatric treatment, and thus her mental health issues were not addressed. As of the date of the termination hearing, respondent was unemployed.

---

[3] In *Gonzalez/Martinez*, 310 Mich App at 432, the panel explained:

> Respondent contends that the record does not support termination on this ground because the children's abuser is currently in jail and is going to be deported. Even assuming this to be true, the trial court was still justified in finding that termination was warranted on this ground. The Legislature did not require that there be clear and convincing evidence that the children were at risk of harm from the same abuser. Rather, MCL 712A.19b(3)(b)(*ii*) addresses the harm occasioned by a parent who is unwilling or unable to protect his or her children from abuse. The evidence established that respondent placed her desire to be with her boyfriend—despite his abuse—over the needs of her children, and there was evidence that she would likely continue to place her personal desires over her children's welfare.

The foregoing evidence showed that after approximately 18 months respondent had made very little progress on her treatment plan. She did not have suitable housing for the children, she was not employed, she had not benefitted from parenting classes, and she had not addressed her substance abuse problem or mental health issues. Considering respondent's lack of progress over this 18-month period, there was no reasonable likelihood that respondent would be able to rectify the conditions that led to the adjudication within a reasonable time considering the ages of her children. The trial court did not clearly err in finding clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*).

Termination was also appropriate under MCL 712A.19b(3)(g). Compliance with a treatment plan is evidence of a parent's ability to provide proper care and custody for a child. *In re JK*, 468 Mich 202, 214; 661 NW2d 216 (2003). But even if a parent participates in services, the parent must benefit from services so that the trial court can conclude that the parent can provide proper care for the child. *In re Gazella*, 264 Mich App 668, 676-677; 692 NW2d 708 (2005). In this case, respondent failed to comply with several aspects of her treatment plan and gained very little benefit from the services provided to her. At the time of the termination hearing, the children had been in care for approximately 18 months. Considering respondent's lack of progress over this period, there was no reasonable expectation that she would be able to provide proper care and custody for the children within a reasonable time. Respondent remained without suitable housing, was unemployed, and had not addressed her substance abuse problem and mental health issues. The trial court did not clearly err in finding clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(g).

The evidence also supported termination of respondent's parental rights under MCL 712A.19b(3)(j). According to the caseworker, respondent understood the importance of complying with her treatment plan. However, the evidence showed that at the time of the termination hearing, respondent lacked employment and suitable housing for the children, and had not addressed her substance abuse problem or mental health issues. Considering her inability or unwillingness to address these issues, along with the fact that she had previously failed to protect her youngest child from receiving serious injuries, the trial court did not clearly err in finding that the children were reasonably likely to be harmed if returned to respondent's home. The trial court did not clearly err in finding clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(j).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ William B. Murphy
/s/ Michael J. Riordan

-4-