*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* N. I. MURPHY, Minor.

UNPUBLISHED
October 29, 2019

No. 346634
Calhoun Circuit Court
Family Division
LC No. 2002-004363-NA

Before: MARKEY, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to the minor child, NIM, under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (g) (failure to provide proper care or custody), (i) (rights to siblings terminated due to neglect or abuse and parent failed to rectify conditions), and (j) (reasonable likelihood that child will be harmed if returned to parent). We affirm.

Respondent has a long history with the Department of Health and Human Services (DHHS), including having had her parental rights to three other children terminated. For years before NIM was removed, respondent engaged in criminal conduct and substance abuse involving alcohol and cocaine. During the proceedings following removal and leading up to termination, respondent twice violated probation, continued to use substances, and committed multiple sobriety court violations. Respondent was incarcerated at the time of termination and still had to serve at least 15 months before her release from prison. Her criminal record and substance abuse history are extensive.[1] Missed and positive drug screens marked the proceedings. Numerous services and efforts to address respondent's substance abuse had, unfortunately, repeatedly failed over a span of many years. A psychological evaluation gave respondent a "poor prognosis" of overcoming her problems. Respondent's alcohol and substance abuse posed a serious threat to NIM's safety and well-being, including an instance in

---

[1] The trial court repeatedly referenced respondent's "20 year substance abuse history." The court also mentioned respondent's "extensive criminal history dating back to 1992."

2016 when she operated a vehicle with a blood alcohol level of 0.29% with NIM in the car. In light of respondent's criminal and substance abuse history, which did not subside after NIM was removed from her care, we agree there was a clear indication that she would not be able to change her ways in the foreseeable future. The trial court observed, "The psychological evaluation gave her a poor prognosis, she has over 20 years of services and she was still testing positive just prior to her incarceration or having violations for substance abuse."

If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Beck*, 488 Mich 6, 10-11; 793 NW2d 562 (2010); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). "A finding . . . is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed[.]" *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989); see also MCR 2.613(C). The trial court must "state on the record or in writing its findings of fact and conclusions of law[,] [and] [b]rief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1).

Respondent first argues that termination of her parental rights was based on MCL 712A.19b(3)(g),[2] that this provision requires a showing that the parent will not be able to provide proper care and custody within a reasonable time, that MCL 712A.19b(3)(h), which concerns imprisoned parents, requires the deprivation of a normal home for a period exceeding 2 years, and that the trial court "based its decision on the statutory language that [respondent] would be incarcerated for 2 years and have approximately another 15 months of incarceration as of the date of trial."

First, the trial court terminated respondent's parental rights under four grounds in MCL 712A.19b(3), not solely § 19b(3)(g). Second, § 19b(3)(h) was *not* one of the statutory grounds upon which termination was based. Third, and finally, respondent does not direct us to any authority supporting the proposition, if respondent is so asserting, that the language in Subsection (3)(h) has relevance to analyzing Subsection (3)(g). "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments,

---

[2] MCL 712A.19b(3)(g) provides for termination when a "parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age."

and then search for authority either to sustain or reject his position." *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998) (quotation marks omitted).

Respondent next contends that there was no testimony by a psychologist, social worker, or other expert that she would be unable to care for NIM once released from prison or within a reasonable time. Respondent, however, fails to supply any supporting authority for her assertion that such testimony was required. See *id.* We also note that, as indicated earlier, there was a psychological evaluation that gave respondent a "poor prognosis."

Respondent, claiming an exemplary prison record, the completion of various classes, the attainment of certain certificates, and the procurement of employment and housing for the future, argues that the trial court clearly erred in finding that there existed clear and convincing evidence that she would not be able to provide proper care and custody within a reasonable time. For purposes of MCL 712A.19b(3)(g), respondent's extensive history of abusing drugs and alcohol, the repeated failures over the years to overcome her substance abuse issues, her incarceration, and her poor prognosis more than adequately supported a conclusion that there was no reasonable expectation that she would be able to provide proper care and custody within a reasonable time considering NIM's age.[3] The trial court acknowledged respondent's accomplishments and applauded her efforts, but it nonetheless terminated her parental rights because her achievements could not make up for the fact that she simply could not conquer her horrendous addictions to drugs and alcohol, which were ongoing. We hold that there was no clear error by the court in concluding that MCL 712A.19b(3)(g) was established by clear and convincing evidence.

Furthermore, respondent fails to challenge termination under the additional grounds set forth in § 19b(3)(c)(*i*), (i), and (j), which the trial court relied on. There need be only a single statutory ground established for termination. "When an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant." *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015). Accordingly, the three additional statutory grounds for termination stand. Moreover, the evidence identified above that supported termination under § 19b(3)(g), along with the undisputed fact that there were prior terminations with respect to NIM's siblings supported termination under MCL 712A.19b(3)(c)(*i*), (i), and (j). We hold that there was no clear error by the trial court in finding that these three grounds were proven by clear and convincing evidence.

Respondent next argues that the trial court clearly erred in determining that termination of respondent's parental rights was in NIM's best interests. Respondent maintains that she established that she has a home with a stable environment, that she has a job waiting for her when she is released from prison, that she loves her son, that she has bettered her life through parenting and substance abuse classes, and that there was no testimony from any licensed psychologist or child specialist that termination was in the child's best interests.

---

[3] NIM was seven years old at the time of termination.

With respect to a child's best interests, we place our focus on the child rather than the parent. *In re Moss*, 301 Mich App at 87. In assessing a child's best interests, a trial court may consider such factors as a "child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). A trial court can additionally consider the length of time a child "was in foster care or placed with relatives," and whether it was likely that "the child could be returned to [the parent's] home within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012). At this stage of the proceedings, the interest of the child in living in a stable home is superior to any interest of the parent. *In re Medina*, 317 Mich App 219, 237; 894 NW2d 653 (2016).

In determining NIM's best interests, the trial court considered the fact that the child would be in care for at least a couple more years if the wardship continued, that he had already been in care for 14 months during the current proceedings, that he had not seen respondent for six months, and that, as reflected in part by a psychological evaluation, NIM needed consistency, permanency, stability, and structure. Respondent could not provide for NIM's needs, but they were being met by NIM's foster family. Further, the court indicated that NIM's foster home was securing NIM's trust, health, and safety, that the child had bonded with his foster family, and that the foster parents wished to adopt NIM. Of course, there was also respondent's extensive criminal and substance abuse history, reflecting that it would not be in NIM's best interests to continue the proceedings. We conclude that the record provided ample support for the trial court's findings and that the court did not clearly err in determining that termination of respondent's parental rights was in the best interests of NIM.

Finally, respondent argues that the trial court erred by rejecting an offer of guardianship made by respondent's cousin. Respondent contends that, contrary to the trial court's view, a guardianship was a viable option. "The court is not required to order the agency to initiate proceedings to terminate parental rights if . . . [t]he child is being cared for by relatives." MCL 712A.19a(8)(a). "[T]he . . . placement with respondent's family [is] an explicit factor to consider in determining whether termination [is] in the children's best interests," In *re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). But a trial court is not required to establish a guardianship in lieu of terminating parental rights if it is not in the child's best interests to do so. *In re McIntyre*, 192 Mich App 47, 52-53; 480 NW2d 293 (1991).

The trial court addressed the issue of a possible guardianship for NIM, stating that it was fully considered. The court found that it was an inappropriate option for NIM because the relative indicated that there was no interest in providing long-term care for NIM. Looking at the absolute best-case scenario to favor respondent, the trial court explained that NIM would still need to be in care for another two years, which was not practical or feasible because the possible guardian was not interested in a long-term commitment. Under all of the circumstances presented, the trial court determined that termination, not a guardianship, was in NIM's best

interests. We cannot conclude that the trial court's findings, reasoning, and determination constituted clear error.

We affirm.

/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra