*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LEWIS/CAROTHERS, Minors.

UNPUBLISHED
April 14, 2022

No. 357200
Wayne Circuit Court
Family Division
LC No. 2012-509903-NA

Before: BORRELLO, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to the three minor children, DL, ML, and CC, on the basis of MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (j), and (*l*)(*i*).[1] In regard to CC, the trial court also terminated respondent's parental rights pursuant to MCL 712A.19b(3)(a)(*ii*)[2] and (k)(*i*). On appeal, respondent argues that the trial court clearly erred by finding that the statutory grounds for termination were proven by clear and convincing evidence and by concluding that termination of her parental rights was in the children's best interests. We disagree and affirm.

If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); MCR 3.977(H)(3); *In re Beck*, 488 Mich 6, 10-11; 793 NW2d 562 (2010); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261,

---

[1] The trial court also terminated the parental rights of the children's father, but he is not a party to this appeal.

[2] Although the trial court's termination order cited (a)(*i*) and not (a)(*ii*), it is apparent that this was a clerical error because the petition requested termination under (a)(*ii*) and not (a)(*i*), the trial court cited (a)(*ii*) in its oral ruling, and (a)(*i*) was not factually applicable.

264; 817 NW2d 115 (2011); see also MCR 3.977(K). "A finding . . . is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed[.]" *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989); see also MCR 2.613(C).

Preliminarily, we find it appropriate to affirm the trial court's termination ruling regarding the statutory grounds because respondent fails to challenge *all* of the relied-upon grounds for each child. As previously indicated, the trial court determined that the evidence supported termination of parental rights in regard to all three children under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (j), and (*l*)(*i*), and with respect to CC, termination of parental rights was also deemed proper under (a)(*ii*) and (k)(*i*). Thus, the trial court relied on seven statutory grounds in terminating respondent's parental rights to CC. But on appeal, respondent only challenges six of them. She does not challenge the trial court's reliance on § 19b(3)(a)(*ii*).[3] Because only one ground is necessary to support termination of parental rights, *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009), and respondent has not challenged all of the statutory grounds relied upon by the court in terminating her parental rights to CC, we affirm with respect to CC in relation to the grounds for termination. See *Smith v Smith*, 328 Mich App 279, 285 n 3; 936 NW2d 716 (2019) ("When an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant") (quotation marks and citation omitted).

Similarly, the trial court terminated respondent's parental rights with respect to DL and ML on the basis of five statutory grounds, including § 19b(3)(*l*)(*i*). But respondent appeals the trial court's finding in regard to (*l*)(*i*) only as it relates to CC, not DL or ML. Accordingly, we affirm as to the grounds for termination with respect to DL and ML as well. See *Smith*, 328 Mich App at 285 n 3.

In any event, the trial court did not clearly err by finding that § 19b(3)(c)(*i*) was proven by clear and convincing evidence with respect to all three children. MCL 712A.19b provides, in pertinent part:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> \* \* \*
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds . . .

---

[3] As noted, the trial court cited (a)(*ii*), the ground set forth in the petition, in its oral ruling, but (a)(*i*) was listed in the termination order. Any inconsistency, however, is irrelevant because respondent does not challenge either of those grounds.

-2-

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Respondent does not present any challenge to the trial court's determination that 182 or more days had elapsed since the issuance of the initial dispositional orders. Indeed, such a challenge would have been futile because DL's initial disposition occurred in August 2016, ML's initial disposition took place in August 2017, and CC's initial disposition occurred in July 2019, all of which were well more than 182 days before respondent's parental rights were terminated in May 2021.

Thus, the only questions are whether the conditions that led to the adjudication continued to exist and whether there was a reasonable likelihood that the conditions would be rectified within a reasonable time considering the children's ages. One of the conditions that led to the adjudication was the lack of suitable housing. As of May 2021, suitable housing was still an issue. After being evicted about a year before the termination hearing, respondent had been living in motels, and during the five months leading up to the termination hearing, respondent had lived in two different motels and had stayed with a family friend. The foster-care worker, when assessing respondent's prior motel home, concluded that it was otherwise safe, but it was not suitable because there was inadequate room for the children. Another condition that led to the adjudication was respondent's mental-health issues.[4] At the time of the termination hearing, respondent had not been participating in her mental-health treatment. Moreover, considering respondent's inability to rectify these conditions during the extraordinary length of time the cases had been open (five years, four years, and two years), there was no reasonable likelihood that respondent would be able to rectify the conditions within a reasonable time given the ages of the children. Therefore, the trial court did not clearly err by finding that MCL 712A.19b(3)(c)(*i*) had been proven by clear and convincing evidence. And because only one statutory ground need be established, it is unnecessary to address respondent's challenges to the other statutory grounds. See *In re Foster*, 285 Mich App at 633.

Respondent next argues that the trial court clearly erred by finding that termination of her parental rights was in the best interests of the children. We disagree.

With respect to a child's best interests, we place our focus on the child rather than the parent. *In re Moss*, 301 Mich App at 87. In assessing a child's best interests, a trial court may consider such factors as a "child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). The trial court may also consider how long the child was in foster care or placed with relatives, along with the likelihood that "the child could be returned to [the] parents' home within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 248-249;

---

[4] Respondent was previously diagnosed as being bipolar and having anxiety.

824 NW2d 569 (2012). A child's placement with a relative is a factor that must explicitly be considered and weighs against termination. *In re Olive/Metts*, 297 Mich App at 43. But placement with a relative does not preclude a finding that termination is in a child's best interests. *Id*.

The trial court acknowledged that all three children were placed with relatives and noted that this weighed against termination. But the court also found it compelling that respondent had the opportunity over five years to obtain the capacity to provide proper care and custody for DL, yet had failed to do so. The trial court similarly noted that it had been four years with respect to ML and two years in regard to CC. The court opined that the children should not have to wait any longer. The trial court stressed the children's need for permanency and stability.

The trial court did not clearly err in its ruling. The need for permanency and stability is an important factor in a best-interest determination. *In re Olive/Metts*, 297 Mich App at 42. Respondent admitted that she currently is unable to provide care and custody of the children. Although respondent testified that she thought that she would be able to obtain housing within 30 days, there was nothing in the record to demonstrate that this was likely to happen. Indeed, when respondent was asked if she had a house "lined up," she had no specific answer other than to say that she was expecting to hear from her real-estate agent, who was going "to let me know what's going on." With this lack of any specific information, the trial court did not clearly err by finding that respondent would not be able to provide the necessary care within a reasonable amount of time. In short, respondent had years to become able to provide proper care and custody to her children, but she was never able to do so. It is not reasonable to let the children wait an indefinite amount of time for the mere possibility that respondent might one day be able to care for them. As the trial court stressed, the children had waited long enough and needed stability and permanency. Accordingly, we are not left with a definite and firm conviction that the trial court erred by finding that termination of respondent's parental rights to all three children was in the children's best interests.

We affirm.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Deborah A. Servitto